**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Darien Biggs**,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company**, an Arizona limited liability company; and **Robert Newman and Melissa Newman**, a married couple,<br><br>　　　　　Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Darien Biggs ("Plaintiff"), sues the Defendants RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company ("Air-a-Zona Flag Company), and Robert Newman and Melissa Newman, ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.　　This is an action for unpaid overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

-1-

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company owned and operated as "Air-a-Zona Flag Company," a retail flag store, located at 2458 W. Broadway Rd., Mesa, AZ 85202.

10. Under the FLSA, Defendant RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company is subject to liability under the FLSA.

11.     Defendants Robert Newman and Melissa Newman are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Robert Newman and Melissa Newman are owners of Defendant RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Robert Newman and Melissa Newman are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Robert Newman and Melissa Newman had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Robert Newman and Melissa Newman are subject to individual liability under the FLSA.

13.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

-4-

16. At all relevant times, Plaintiff was an "employee" of Defendants RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company, Robert Newman, and Melissa Newman as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company, Robert Newman, and Melissa Newman.

18. At all relevant times, Defendants RJ Newman Enterprises, LLC d/b/a Air-a-Zona Flag Company, Robert Newman, and Melissa Newman were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

21. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

22. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

23. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

24. Defendants own and/or operate as Air-a-Zona Flag Company, an enterprise located in Maricopa County, Arizona.

-5-

25. Air-a-Zona Flag Company is an enterprise that is a retail flag shop located in Mesa, Arizona.

26. Plaintiff began employment with Defendants as a manager on approximately June 16, 2021.

27. Defendants required Plaintiff to work a minimum of 45 hours per week.

28. Defendants did not provide Plaintiff with breaks or lunches during his regular workweek.

29. Despite the job title "manager," Plaintiff instead performed various non-exempt duties related to performing retail sales services for Defendants.

30. Plaintiff was not a manager in his work for Defendants.

31. Plaintiff did not have supervisory authority over any employees in his work for Defendants.

32. Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

33. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

34. Plaintiff did not direct the work of two or more employees in his work for Defendants.

35. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

36. Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

-6-

37. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

38. Defendants, in their sole discretion, agreed to pay Plaintiff an annual salary of $50,000.00, regardless of the number of hours he worked in a given workweek.

39. At all relevant times, Plaintiff was compensated an annual salary of $50,000.00, regardless of the number of hours he worked in a given workweek.

40. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

41. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

42. Plaintiff routinely worked with knowledge of Defendants, and at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

43. Specifically, during his employment, Plaintiff was required to work a minimum of 45 hours per week, oftentimes working more, and was not paid one and one-half times his regular rate of pay as required under the FLSA for hours worked over 40 in a workweek.

44. In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff typically worked approximately five (5) hours of overtime, and sometimes more, without being compensated at one and one-half times his regular rate of pay for such time worked.

45. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

46. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

47. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

48. At all relevant times, Plaintiff was a non-exempt employee.

49. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

51. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY PROPER OVERTIME RATE

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

55. In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

56. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

57. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

58. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

59. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

60. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

61. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Darien Biggs, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one of more of the following acts:

    i. Violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay proper overtime wages;

    ii. Willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by willfully failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 21st day of September 2021.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorney for Plaintiff*

## VERIFICATION

Plaintiff, Darien Biggs, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and believe, and, as to those matters, he believes them to be true.

DocuSigned by:
Darien Biggs
BA1B1A5706F94D9...

-11-